IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DIANE THOMAS,** | Case No. 1:16 CV 1040 |
| Plaintiff, | Judge Sara Lioi |
| v. | Magistrate Judge James R. Knepp, II |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | REPORT AND RECOMMENDATION |

### INTRODUCTION

*Pro se* Plaintiff Diane Thomas ("Plaintiff") filed a complaint against the Commissioner of Social Security ("Commissioner"), challenging the denial of disability benefits. (Doc. 1). This case is before the undersigned on automatic reference of administrative action pursuant to Local Rule 72.2. (Non-document entry dated May 5, 2016). Pending are two motions: the Commissioner's motion to dismiss (Doc. 9) and Plaintiff's motion to amend complaint[1] (Doc. 11). For the reasons discussed below, the undersigned recommends the Commissioner's motion be granted, and Plaintiff's motion be denied.

### BACKGROUND

*Previous Social Security Application*

Plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in March 2009, which was denied at all pertinent levels of

---

1. Although titled a Motion to Amend Complaint, Plaintiff's filing is also styled as an opposition to the Commissioner's Motion to Dismiss. *See* Doc. 11 (" . . . to dismiss this claim is beyond scope . . .").

administrative appeal. (Doc. 9-1, at 3).[2] Plaintiff filed a civil action with respect to that claim on January 2, 2013. *See Thomas v. Comm'r of Soc. Sec.*, Case No. 13-CV-8 (N.D. Ohio) (Doc. 1). The district court dismissed that case for want of prosecution on June 25, 2013. *See id.*, (Doc. 17).

*Current Social Security Application*

Plaintiff again applied for DIB and SSI on January 9, 2015. (Doc. 9-1, at 3). Plaintiff's DIB claim was denied at the initial level on May 18, 2015, and on reconsideration on August 18, 2015. (Ex. 1, Doc. 9-1, at 5-10). Plaintiff's SSI claim was denied at the initial level on October 6, 2015. (Ex. 2, Doc. 9-1, at 11-13). Plaintiff did not file a request for a hearing before an administrative law judge ("ALJ") regarding her DIB denial, nor did she file a request for reconsideration of the SSI denial. (Doc. 9-1, at 3).

Plaintiff filed a prior civil action with respect to her January 9, 2015 applications for DIB and SSI on July 24, 2015. *See Thomas v. Comm'r of Soc. Sec.*, Case No. 15-CV-1466 (N.D. Ohio) (Doc. 1). The district court dismissed that case on January 12, 2016, finding it lacked jurisdiction because Plaintiff had not exhausted her administrative remedies, and thus had not obtained a judicially reviewable "final decision". *Id.*, Docs. 15 (report and recommendation recommending dismissal) & 16 (memorandum opinion and order adopting report and recommendation).

On April 29, 2016, Plaintiff filed the instant case. (Doc 1). Her complaint alleges:

> Filed original claim under the SSDI benefit program, had all work credits to qualify for program SSDI[.] [D]isability due to chronic disease and br[ai]n injury[.] [C]laim was adjudicated at every level, and denied[.] All medical evidence presented to the contrary and supported[.] SSA concludes in rules and

---

2. Attached to the Commissioner's motion to dismiss is a sworn declaration of Kathie Hartt (Doc. 9-1, at 1-4), with two exhibits (Exs. 1 & 2, Doc. 9-1, at 5-10, 11-13).

>regulations as what qualify as a disability or disabl[ing] conditions[.] All my conditions qualified.

*Id.* at 3. Thereafter, the Commissioner filed a motion to dismiss for lack of jurisdiction. (Doc. 9). Plaintiff then filed a motion to amend her complaint, which also opposes the Commissioner's motion to dismiss. (Doc. 11).

## JURISDICTION

The district court has jurisdiction to review "any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party." 42 U.S.C. § 405(g); *see also Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (explaining that federal government and its agencies are immune from suit absent consent to be sued and where consent is given, the terms of that consent define the court's jurisdiction). The term "final decision" is undefined in the Social Security Act and "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975); 20 C.F.R. § 404.900(a) (explaining the process of administrative review prior to seeking judicial review). The regulations provide that first, a claimant receives an initial determination. 20 C.F.R. § 404.902. Second, if dissatisfied with the initial determination, the claimant may ask for reconsideration. *Id.* § 404.907. Third, if dissatisfied with the reconsideration decision, the claimant may request a hearing before an ALJ. *Id.* § 404.929. Fourth, if dissatisfied with the ALJ's decision, the claimant may request that the Appeals Council review the hearing decision. *Id.* § 404.967.

The Appeals Council then may either deny the claimant's request for review and allow the ALJ's decision to stand as the final decision of the Commissioner, or it may grant the claimant's request for review and issue its own decision. *Id.* §§ 404.967; 404.981. At that point, if the claimant disagrees with the decision, she may seek judicial review of the Commissioner's final decision by filing an action in federal district court within 60 days after receiving notice of

the Appeals Council's action. *Id.* § 422.210. The regulations provide a claimant must ordinarily exercise administrative appeals rights and seek judicial review within a specified time frame. *Id.* § 404.900(a). However, upon a showing of good cause, the Commissioner will extend the time for seeking review. *See id.* § 404.900(b) ("If you are dissatisfied with our decision in the review process, but do not take the next step within the stated time period, you will lose your right to further administrative review and your right to judicial review, unless you can show us that there was good cause for your failure to make a timely request for review."); *id.* § 404.911 (setting forth good cause standard).[3]

Thus, a claimant may obtain a judicially reviewable "final decision" *only* when she completes the administrative appeals process and receives either 1) a decision by the Appeals Council, or 2) notice from the Appeals Council denying her request for review. *Id.* §§ 404.981, 422.210. If there is no final decision, there is no jurisdiction for an action seeking judicial review. *See Bowen v. City of New York*, 476 U.S. 467, 482 (1986); *see also Johnson v. Comm'r of Soc. Sec.*, 97 F. App'x 526, 528 (6th Cir. 2004) ("As there has been no final decision by the Commissioner, the district court lacked jurisdiction under § 405(g) to review that determination."); 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.").

---

3. At each step of the regulations, this good cause standard is referenced. *See* 20 C.F.R. §§ 404.909(b) (time to request reconsideration); 404.933(c) (time to request ALJ hearing); 404.986(b) (time to request review by Appeals Council); 404.982 (time to file in federal court).

**MOTION TO DISMISS STANDARD**

The Commissioner's motion to dismiss argues the court lacks jurisdiction.[4] (Doc. 9). "When a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (internal citations and quotations omitted). Because a motion to dismiss for lack of subject matter jurisdiction is a factual attack, the Court may consider evidence outside the pleadings and "a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists[.]" *Cartwright v. Garner*, 751 F.3d 752, 759-60 (6th Cir. 2014); *see also Howard v. Comm'r of Soc. Sec.*, 2014 WL 40471767, *2 (N.D. Ohio) (Commissioner's challenge to court's subject matter jurisdiction on the basis that the plaintiff failed to obtain a final decision is a factual attack and a court may consider evidence outside the pleadings).

**DISCUSSION**

*Motion to Dismiss*

Plaintiff did not complete the steps required to obtain a judicially reviewable "final decision" by the Commissioner. The Commissioner has submitted a sworn declaration from Kathie Hartt, Chief of Court Case Preparation and Review, Brach 3 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. (Ex. 1, Doc. 9-1). She asserts that Plaintiff did not seek an administrative hearing after the reconsideration denial of her DIB claim, nor did she file a request for reconsideration of the SSI denial. *Id.* at 3. Plaintiff has presented no evidence to the contrary. Accordingly, the Court lacks

---

4. A motion to dismiss for lack of subject-matter jurisdiction is brought under Federal Rule of Civil Procedure 12(b)(1).

subject matter jurisdiction and Plaintiff's action should be dismissed. *Bowen*, 476 U.S. at 482; 42 U.S.C. § 405(g)-(h).

"In certain special cases", a court may excuse a claimant from exhausting her administrative remedies, such as when a plaintiff raises a challenge "wholly 'collateral' to [her] claim for benefits and where [she makes] a colorable showing that [her] injury could not be remedied by the retroactive payment of benefits". *Heckler v. Ringer*, 466 U.S. 602, 618 (1984). This is not the case here. This exception is inapplicable because Plaintiff's allegations are not collateral to her claim for benefits, rather, she asks the court to order retroactive and future payment of benefits. *See* Doc. 1, at 3-4

Plaintiff also does not assert a colorable constitutional claim—another exception to the exhaustion rule. *See Califano v. Sanders*, 430 U.S. 99, 109 (1977) ("Constitutional questions obviously are not suited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions."). In her amended complaint, Plaintiff cites the Fourteenth Amendment. (Doc. 11-1, at 2). Plaintiff, however, does not allege any facts to support such a constitutional argument, but rather argues the Commissioner erred in failing to grant her disability benefits. This is not a constitutional claim, and as such, this exception does not apply. *See Carter v. Comm'r of Soc. Sec.*, 2015 WL 4756615, *4 (E.D. Mich.) ("[A]bsent any colorable constitutional claim that is *independent* of the alleged entitlement to benefits, a federal court has no jurisdiction . . . .") (emphasis added); *see also Ingram v. Sec'y of Health & Human Servs.*, 830 F.2d 67, 67 (6th Cir. 1987) ("Simply couching in constitutional language what is in reality an argument that the Secretary abused his discretion in refusing to re-open a claim, does not convert the argument into a colorable constitutional challenge.").

*Motion to Amend*

Plaintiff's proposed amended complaint does not cure the jurisdictional defect identified. Rather, Plaintiff continues to argue the Commissioner has wrongfully denied her benefits and asks the court to grant her SSI back to an alleged onset date of 2003. (Doc. 11-1, at 2-3).[5] Because Plaintiff's motion to amend does not save her claim, it should be denied.

### CONCLUSION AND RECOMMENDATION

For the reasons explained above, the undersigned recommends the court: 1) deny Plaintiff's motion to amend (Doc. 11), and 2) grant the Commissioner's motion (Doc. 9) and dismiss the case without prejudice.[6]

s/James R. Knepp II<br>
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

---

5. Plaintiff also attaches a medical record from September 2016. (Doc. 11-2).

6. "Dismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case." *Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011) (citing *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005)).